UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/27/2012
```

LORELEY FINANCING (JERSEY) NO. 3
LIMITED, *et al.*,

                      Plaintiffs,

-v-

WELLS FARGO SECURITIES, LLC, *et al.*,

                      Defendants.

No. 12 Civ. 3723 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

      The Court is in receipt of a letter from Defendants, dated July 27, 2012, seeking permission to (1) file certain exhibits in support of its motion to dismiss under seal, and (2) requesting permission to file three oversize exhibits, which are each thirty to sixty pages.

      Defendants note that the exhibits they seek to file under seal disclose proprietary information and contain confidentiality clauses and/or legends. However, while the parties to these documents may have agreed to keep them confidential, Defendants have not articulated how the presumption in favor of open records has been rebutted such that they should be permitted to file these exhibits under seal. "The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Without access to such documents, it is impossible for the public to perform their essential role in monitoring judicial proceedings. *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). "The Second Circuit has articulated a three-step process for determining whether documents should be placed under seal." *Mut. Marine Office, Inc. v. Transfercom Ltd.*, No. 08 Civ. 10367 (PGG), 2009 WL 1025965, at *4 (S.D.N.Y. Apr. 15, 2009).

>First, a court must determine whether the presumption of access attaches. A presumption of access attaches to any item that constitutes a judicial document – i.e., an item relevant to the performance of the judicial function and useful in the judicial process. Second, if the court determines that the item to be sealed is a judicial document, the court must then determine the weight of the presumption of access. The weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance. Finally, after determining the weight of the presumption of access, the court must balance competing considerations against it. Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure.

*Id.* (citations, internal quotations, and alterations omitted). "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action. . . ." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). Accordingly, IT IS HEREBY ORDERED THAT Defendants' request to file exhibits under seal is denied without prejudice. If Defendants wish to file these exhibits under seal they may make a renewed application to the Court, which specifically address the relevant case law governing the filing of materials under seal.

IT IS FURTHER ORDERED THAT Defendants' request to file certain oversize exhibits is granted.

SO ORDERED.

Dated:   July 27, 2012
         New York, New York

                                        _____
                                        RICHARD J. SULLIVAN
                                        UNITED STATES DISTRICT JUDGE