UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| LORELEY FINANCING (JERSEY) NO. 3 LIMITED; LORELEY FINANCING (JERSEY) NO. 5 LIMITED; LORELEY FINANCING (JERSEY) NO. 15 LIMITED; LORELEY FINANCING (JERSEY) NO. 28 LIMITED; and LORELEY FINANCING (JERSEY) NO. 30 LIMITED<br><br>                              Plaintiffs,<br><br>                    v.<br><br>WELLS FARGO SECURITIES, LLC; WELLS FARGO SECURITIES INTERNATIONAL LIMITED; WELLS FARGO BANK, N.A.; HARDING ADVISORY LLC; STRUCTURED ASSET INVESTORS, LLC; OCTANS II CDO LTD; OCTANS II CDO LLC; SAGITTARIUS CDO I LTD; SAGITTARIUS CDO I LLC; LONGSHORE CDO FUNDING 2007-3 LTD.; and LONGSHORE CDO FUNDING 2007-3 LLC,<br><br>                              Defendants. | No. 12-CV-3723 (RJS)<br><br>**ECF Case** |

---

### DECLARATION OF MICHAEL PAUL CUSHING IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

I, Michael Paul Cushing, make this declaration pursuant to 28 U.S.C. § 1746 as follows:

1.      I am over twenty-one years old.  I am an Advocate of the Royal Court of Jersey and a Partner in the litigation department of the Jersey office of Appleby.  Appleby is a commercial law firm with offices in a number of jurisdictions including London, Hong Kong, Guernsey, Cayman, Bermuda and the Isle of Man.  I specialise in commercial litigation.

2.      I have been requested by Messrs. Jones Day ("Jones Day") who represent certain Defendants in this matter to provide my opinion on the prescription (or limitation) periods which I consider would apply as a matter of Jersey law to the First, Third and Fourth Causes of Action

(the "Plaintiffs' Fraud Claims") pleaded in the Plaintiffs' Complaint dated 9 April 2012 if those causes of action were brought before a Jersey court.

3.      I have also been asked to comment, to the extent necessary, on the opinions expressed by Robert Oliver Basil Gardner in his declaration dated 12 September 2012.

4.      This opinion is limited to matters of Jersey law.  I am unable to opine on matters of New York law or procedure.

**Summary of Opinion**

5.      In my opinion the Plaintiffs' Fraud Claims constitute actions which are founded on tort and as such would be prescribed as a matter of Jersey law after a period of 3 years from the date on which each of the causes of action accrued in accordance with Article 2(1) of the Law Reform (Miscellaneous Provisions) (Jersey) Law 1960 (the "1960 Law").  I understand that a copy of the 1960 Law appears at Exhibit 13 to Defendants' Motion to Dismiss the Complaint.

6.       As a matter of Jersey law, the cause of action for a tort claim in relation to which loss or damage is an element of the claim will not accrue until the plaintiff has suffered loss or damage.

7.      The prescription period in relation to the Plaintiffs' Fraud Claims would be suspended for the period during which the Plaintiffs were prevented by a "practical impossibility" from pursuing their claims against the Defendants.

8.      I explain below the basis of my opinion and, to the extent that I disagree with the opinions expressed by Mr. Gardner, the reasons why I disagree.

**The Applicable Prescription Period Under Jersey Law**

9.      I agree with Mr. Gardner that, where the relevant prescription period is not clearly covered by statute or by existing case law, the usual Jersey approach to determine the relevant

prescription period is to isolate the cause of action and to seek to identify the prescription period

that should apply by analogy.  The 1960 Law does, however, make express provision for the

prescription period which is to apply to causes of action which are founded on tort.  If the

Plaintiffs' Fraud Claims are, as a matter of Jersey law, properly characterised as tort claims, then

those claims would, subject to any suspension of the limitation period, be prescribed after a

period of three years from the date on which each of the causes of action accrued in accordance

with Article 2(1) of the 1960 Law.  I believe that this point is accepted by Mr. Gardner.

   10. Mr. Gardner states, however, at paragraph 4 of his declaration that "I do not agree

with the Defendants' contention that the fraud causes of action pleaded by the Loreley Plaintiffs

in the Complaint would, if pleaded in Jersey, necessarily be limited to, or regarded as analogous

to, Jersey tort claims that would be subject to a three-year prescription period by virtue of the

statute."  Mr. Gardner then goes on to speculate on the ways in which the Plaintiffs might, if they

were to bring claims arising from the same facts and matters before a Jersey court, choose to

plead their claims.  He concludes, at paragraph 19, that "[t]he Loreley Plaintiffs' fraud claims

would likely not be framed as tort claims in Jersey.  Rather, they are most similar to and likely to

be framed as causes of action based on *dol*, *erreur* and misrepresentation inducing contracts".

   11. I consider that Mr. Gardner's analysis is misconceived.  The correct starting point

is, in my view, to consider the causes of action which the Plaintiffs have chosen to plead rather

than considering alternative causes of action which might be pleaded were the action to be

commenced in Jersey.  It appears from Mr. Gardner's use of the word *"necessarily"* at paragraph

4 of his Declaration that he accepts that the Plaintiffs' Fraud Claims could be pleaded as tort

claims in Jersey.

12.     Mr. Gardner's analysis also, in my view, ignores the fact that the Plaintiffs' Fraud Claims have been brought against all of the Defendants to the Complaint and that damages are sought from each of the Defendants.  Conversely, a claim for the rescission of a contract and for damages arising from the rescission can only be pursued against the contracting parties.  The potential claims based on *dol, erreur* and misrepresentation referred to by Mr. Gardner are, in my opinion, claims which are founded in contract since the remedy which they seek is rescission of the contract and damages arising from that rescission.  In my opinion such claims can only properly be pursued against the contracting parties and the Plaintiffs would be unable to pursue those claims against persons who are not party to the contracts in question.  Claims in tort are not, of course, restricted to the contracting parties themselves and may be pursued against any person owing the relevant duty in tort to the Plaintiffs.  The Plaintiffs' Fraud Claims have been brought against all of the Defendants, not merely those Defendants who are said to be party to the contracts in question.  I note that the Complaint includes a cause of action specifically seeking the remedy of rescission.  It appears to me, therefore, that the Plaintiffs have chosen to pursue both contractual and other claims in the Complaint, no doubt to enable them to pursue claims against Defendants with whom the Plaintiffs do not have a contractual relationship.

13.     In my opinion the Plaintiffs' Fraud Claims would, if pleaded in Jersey, be pleaded as claims in tort.  Whilst I accept that it may be possible, on the basis of the facts and matters pleaded in the Complaint, for the Plaintiffs to plead claims based on *dol, erreur* or misrepresentation, the causes of action which have been pleaded are in my view analogous to economic torts which in my opinion are recognised as a matter of Jersey law.  Those torts include the tort of deceit.  As I have also explained at paragraph 12 above, if the Plaintiffs' Fraud

Claims were to be pleaded as claims for rescission of the transactions in question, those contractual claims would be limited to claims against the contracting parties.

14.     In essence, and as the causes of action pleaded at paragraphs 183 to 193 and 207 to 230 of the Complaint demonstrates, the Plaintiffs' Fraud Claims are based on the basic allegation that:

    A.     Representations were made to the Plaintiffs concerning the collateral for the collateralised debt obligations;

    B.     The representations were materially false and misleading;

    C.     The representations were made intentionally or with reckless disregard for the truth and with the knowledge that the Plaintiffs would rely on them; and

    D.     The Plaintiffs have suffered loss and damage as a result.

15.     In _Pell Frischmann v Bow Valley_ (2008) JLR 311, the Jersey Court of Appeal considered, amongst consideration of other economic torts, the elements of the tort of deceit. The Court of Appeal (quoting from the 19th Edition of Clerk & Lindsell which is one of the leading English textbooks on the law of tort) stated at paragraph 53 of its judgment that: *"Deceit is established (Clerk & Lindsell, op.cit., para. 18-01, at 1081) – 'where a defendant makes a false representation, knowing it to be untrue, or being reckless as to whether it is true, and intends that the claimant should act in reliance on it, then in so far as the latter does so and suffers loss the defendant is liable for that loss.'"* In my opinion the Plaintiffs' Fraud Claims, as presently pleaded and as summarised by me in paragraph 14 above, would fall within this definition and would properly be considered to amount to claims founded on the tort of deceit.

16.     I would add that in _Pell Frischmann_ the court applied English law to the contractual claims pleaded since English law was held to be the *lex causae* of those contractual

claims.  It appears from the judgment that the tort claims were considered as a matter of Jersey law and there is nothing in the judgments of the Royal Court, the Court of Appeal or the Privy Council which would suggest that the court considered that the tort of deceit did not form part of Jersey law.

17.     In *Jersey Financial Services Commission v A.P. Black (Jersey) Limited and others* (2002) JLR 443 at paragraph 20, the Court of Appeal considered in the context of determining the prescription period which applied to a statutory claim being pursued in those proceedings the elements of a right of action in tort stating:  *"The essentials of a right of action in tort, and therefore an action 'founded on tort' for the purposes of art. 2(1) of the 1960 Law, were considered by me when delivering the judgment of the Court of Appeal in Arya Holdings Ltd. v Minories Fin. Ltd.  Those essentials include a duty owed to the plaintiff by the defendant otherwise than by virtue of a contract or trust, whether pursuant to Jersey common law or statute, a breach of this duty by the defendant, and actual or threatened damage caused by and flowing from the breach (which in some torts may be assumed), giving rise, accordingly, to a right of action which the plaintiff can require the court to uphold."*  In my opinion the Plaintiffs' Fraud Claims, as pleaded in the Complaint, include the essential elements of an action "founded on tort."

18.     I do not understand it to be Mr. Gardner's opinion that the tort of deceit does not form part of Jersey law.  I have referred above to the judgment in *Pell Frischmann* where the tort of deceit was considered by the Court of Appeal.  Even if the court in that case was considering the tort of deceit as a matter of English law, rather than Jersey law, it is clear from a review of Jersey authorities that claims in deceit have frequently been brought in Jersey.  Moreover, it is right to recognise the significant influence that English tort law has had on the law of Jersey.  In

Nicolle, <u>The Origin and Development of Jersey Law, An Outline Guide</u>, 5th Edition, the author states at paragraph 15.24, *"Though English influence may have come late to the law of tort, when it came it came in an overpowering wave. Guernsey States Ins Aut v Farley was probably almost the last, if not the last, occasion for over forty years upon which a court was to advert, explicitly or implicitly, to the differences between a tort and a tort. By the time the distinction was recognised again (in Arya Holdings Ltd v Minories Fin Ltd, 1995 JLR 208) it was only to acknowledge that over the years Jersey law had moved ever closer to the English concept of tort, and that from the 1970s onwards, the English concept of tort governs Jersey legal thinking."*

19.     The reference to "*a tort and a tort*" in the text above is a reference to *tort* (in the French language) and to tort (in the English sense), Jersey law having developed originally from Norman customary law. Whilst it is right to acknowledge that the Jersey courts have made it clear that there are differences between the range of torts available as a matter of Jersey law and those available as a matter of English law, I am unaware of anything in Jersey's common law which would suggest that the form of economic torts available under English law would not be available to a plaintiff pursuing fraud claims in Jersey. Support for this can be taken from the recent decision of the Royal Court in <u>Leeds United Football Club v Weston and another</u> (2011) JRC 185 at paragraph 45 in which the Bailiff stated in connection with a *forum non conveniens* application: *"If the matter then proceeds to one of trust law and the law of dishonest assistance, conspiracy to defraud etc I do not consider that there is any material difference between the law of Jersey and the law of England."*

**Accrual and Suspension Under Jersey Law**

20.     I agree with Mr. Gardner that under Jersey law, a cause of action in tort does not accrue until all the elements of the cause of action have been established. Whilst certain torts do

not require loss or damage to be actionable, where loss or damage is an element of the tort, the cause of action will not accrue until loss or damage has been suffered by the Plaintiff.

21.     Mr. Gardner has referred in his opinion to _Public Services Committee v Maynard_ (1996) JLR 343 and has indicated that this case states that 'accrual' for tort claims might be when the cause of action is 'reasonably discoverable' as opposed to by reference to damage being sustained.  In fact, the Court of Appeal made it clear in that case that it only considered it _"reasonably arguable"_ that Jersey common law should be developed to ensure that causes of action in negligence accrue on the basis of a reasonable discoverability test.  The Court stated in _Public Services Committee_ that before any decision could be made on this issue it would be necessary for a detailed examination to be made on the impact of such a development on the law of Jersey.  In the absence of such a development, in my opinion the common law of Jersey remains that a cause of action in tort accrues when the necessary elements of the tort have been established, regardless of knowledge on the part of the Plaintiff.  The issue of knowledge on the part of the Plaintiff goes only to the question of whether the prescription period can be said to have been suspended, which I address in paragraph 22 below.

22.     I also agree with Mr. Gardner that, as a matter of Jersey law, the prescription period for claims arising in tort will be suspended for the time during which it is practically impossible for the Plaintiffs to commence an action as a result of an _empêchement de fait_.  In _Boyd v Pickersgill & Le Cornu_ (1999) JLR 284, the Court of Appeal stated that the test to be applied to determine whether there was such a practical impossibility was objective:  _"While ignorance of a cause of action does not per se trigger a suspension of the limitation period, it may, in appropriate circumstances, constitute or create a relevant impediment….The test, as it seems to me, is whether the ignorance of the cause of action is reasonable in all the_

8

*circumstances, reasonable, that is, both in respect of the facts giving rise to the cause of action*
*and that a cause of action arises in such circumstances."*

23.     Mr. Gardner has referred to *Perrot v Le Breton* (1891) 11 CR 29 as authority for
the proposition that prescription cannot be pleaded against a fraud claim.  Mr. Gardner appears to
accept, however, the alternative view that prescription is not automatically prevented from
running where there is fraud.  *Perrot v Le Breton* has been called into question by the authors of
the Jersey Law Commission's March 2008 Consultation Paper on Prescription and Limitation
where they submit that fraud, *per se*, does not stop time from running.  The Law Commission's
position is consistent with the more recent Court of Appeal authority of *Eves v Le Mains* (1999)
JLR 44 in which the Court of Appeal accepted the proposition that *"prescription will not run in*
*respect of claims founded on a concealed fraud, not otherwise discoverable by the victim with*
*due diligence."*  Similarly, the Royal Court in *Re Esteem Settlement* (2002) JLR 53 held that a
prescription period of 10 years applied to a Pauline Action i.e. a customary law claim to set aside
transactions intended to defraud creditors.  The Royal Court made it clear that the prescription
period applied to claims in respect of both innocent and fraudulent recipients of funds.  In my
opinion, these more recent authorities make it clear that the Jersey Courts have declined to adopt
the proposition that prescription cannot be pleaded against a fraud claim.

I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct.

Executed on October 8th, 2012

_____
MICHAEL PAUL CUSHING

9

## CERTIFICATE OF SERVICE

I certify that on October 8, 2012, I caused the foregoing to be electronically filed with the

Clerk of Court using the CM/ECF system. I also certify that a true and correct copy of the

foregoing was sent to the following entities via first class mail:

> Octans II CDO Ltd.
> Sagittarius CDO I Ltd.
> c/o Maples Finance Services Limited
> PO Box 1093, Boundary Hall
> Cricket Square
> Grand Cayman KY1-1102
> Cayman Islands

_/s/ Jayant Tambe_
