# Lowenstein Sandler LLP

Zachary D. Rosenbaum
Partner

1251 Avenue of the Americas
New York, NY 10020
T 212.204.8690
zrosenbaum@lowenstein.com

April 8, 2016

VIA ECF AND E-MAIL

The Honorable Richard J. Sullivan, United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Loreley Financing (Jersey) No. 3 Limited et al. v. Wells Fargo Securities, LLC et al.*, 12-cv-03723 (RJS)

Dear Judge Sullivan:

On behalf of Third Party Defendant IKB Industriebank AG ("IKB"), we write to request a pre-motion discovery conference pursuant to Local Civil Rule 37.2 and Your Honor's Individual Practice Rules. IKB intends to move under Federal Rule of Civil Procedure (FRCP) 26 to stay discovery pending IKB's motion to dismiss the Third Party Complaint ("TPC") filed by Defendants/Third Party Plaintiffs Wells Fargo Securities, LLC, Wells Fargo Bank, N.A., and Structured Asset Investors, LLC (together, "Wells Fargo"), along with Harding Advisory LLC (together, with Wells Fargo, "Defendants").[1]

On March 25, 2016, the Court entered the parties' stipulation and order fixing April 29, 2016 as the deadline for IKB's response to the TPC. Prior to entering into that stipulation, I informed counsel for Wells Fargo of IKB's intention to move to dismiss the TPC. Pursuant to Your Honor's Individual Practice Rules, and simultaneous with this transmission, IKB submitted a letter requesting a pre-motion conference concerning its motion to dismiss the TPC for failure to state a claim or, alternatively, for summary judgment (the "Dispositive Motion"). In the meantime, on March 29, 2016, Wells Fargo served Requests for the Production of Documents on our firm, as counsel for IKB, containing 41 sweeping categories of document requests (56 including subparts).

---

[1] We understand this to be a "discovery motion" as contemplated by Your Honor's Individual Practice Rule 2(A), which requires strict adherence to Local Civil Rule 37.2, and not a "discovery dispute." IKB intends to move under FRCP 26(c) for a protective order temporarily staying discovery. Local Civil Rule 37.2 states that "[n]o motion under Rules 26 through 37 inclusive of the Federal Rules of Civil Procedure shall be heard unless counsel for the moving party has first requested an informal conference with the Court by letter-motion for a pre-motion discovery conference[.]"

A stay of discovery as to IKB is warranted pending the outcome of the Dispositive Motion. Federal district courts have discretion to stay discovery for "good cause" pending resolution of a motion to dismiss. *See* FRCP 26(c). Good cause sufficient to grant a temporary halt of discovery "requires a showing of facts militating in favor of the stay." *Am. Booksellers Ass'n, Inc. v. Houghton Mifflin Co.*, No. 94 CIV. 8566 (JFK), 1995 WL 72376, at *1 (S.D.N.Y. Feb. 22, 1995) (granting stay of discovery pending motion to dismiss where the discovery sought by plaintiffs was "very broad" and responding to it would be "extremely burdensome" for defendants). "[G]ood cause may be shown where a party has filed (or sought leave to file) a dispositive motion such as a motion to dismiss. This is especially so where the stay is for a short period of time and the opposing party [] will not be prejudiced by the stay." *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94CIV.2120 (LMM) (AJP), 1996 WL 101277, at *2 (S.D.N.Y. Mar. 7, 1996) (internal quotations omitted); *see also Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987) ("Nor is there any merit in appellants' claim that the judge abused his discretion in granting a protective order to prevent further discovery prior to its decision on the motion to dismiss."); *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (granting stay of discovery until adjudication of motion to dismiss where "the Court intends to decide the motion expeditiously and thus the stay will neither unnecessarily delay the action nor prejudice the plaintiffs thereby.").

Here, IKB is entitled to such a stay. First, as set forth in its pre-motion letter, IKB has three grounds for dismissal of the TPC, each of which provides an independent basis to bar Defendants' contribution claims as a matter of law. Second, IKB seeks a stay of discovery only until a final order is entered on its Dispositive Motion. Third, while Defendants will not be prejudiced by such a narrow and short stay of discovery, IKB will be prejudiced absent a stay. This case was filed in April 2012 and, notably, Defendants themselves sought, and were granted, a stay of discovery during the pendency of their own motion to dismiss. *See* July 17, 2012 Pre-Trial Motion Hearing Transcript, p. 29, lines 4-5. ("I am going to a set a schedule and I'll stay discovery pending resolution of the motion."). Plaintiffs filed an Amended Complaint on September 11, 2015 after the case was remanded from the Second Circuit by order dated August 17, 2015. Yet, it was not until February 4, 2016 that Defendants first sought leave to file the TPC against IKB. Moreover, that request occurred two months after the Court's deadline of December 2, 2015 for the inclusion of additional parties. *See* Dec. 2, 2015 Case Management Plan and Scheduling Order, Dkt. No. 111. Therefore, to the extent Defendants assert that impending discovery deadlines are a cause of potential prejudice to them, such prejudice, if any, would be entirely of their own creation.

The fact is Defendants have no *bona fide* basis to seek contribution from IKB. Rather, the TPC is an apparent tactic to involve IKB directly in discovery while avoiding the requirements of the Hague Convention. IKB is a German company with no presence in the United States. If Defendants want evidence from IKB, they must pursue such evidence through proper channels; namely, by asking that this Court enter a letter request which, if entered, would be transmitted to the German Central Authority pursuant to the Hague Convention. *See Strategic Value Master Fund, Ltd. v. Cargill Fin. Servs. Corp.*, 421 F. Supp. 2d 741, 769 & n.23 (S.D.N.Y. 2006) (discussing the issuance of letters rogatory for the production of documents and testimony from

Richard J. Sullivan, U.S.D.J.                                                                                                        Page 3
April 8, 2016

foreign non-parties pursuant to the Hague Convention). IKB recognizes that, if Defendants successfully oppose IKB's Dispositive Motion, the stay would be lifted. But, in the meantime, while IKB moves for dismissal as a matter of law, it should not be burdened with extremely expensive and sweeping discovery as if it were a third party defendant. Good cause therefore exists to stay such discovery.

IKB understands that Defendants do not consent to the requested stay of discovery. Therefore, for the foregoing reasons, IKB respectfully requests that Your Honor schedule a pre-motion discovery conference regarding IKB's request. For efficiency, we ask that Your Honor schedule that conference to coincide with the pre-motion conference concerning the Dispositive Motion.

Respectfully submitted,

*/s/ Zachary D. Rosenbaum*

Zachary D. Rosenbaum

cc: All Counsel of Record